SLIP OPINION

Cite as 2014 Ark. App. 477

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-336

| | | |
|---|---|---|
| CATAUYAH MILES | | **Opinion Delivered** September 17, 2014 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [No. J-2012-720-D/N] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | | HONORABLE THOMAS SMITH, JUDGE |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**LARRY D. VAUGHT, Judge**

In an order entered on January 14, 2014, the Benton County Circuit Court terminated the parental rights of appellant Catauyah Miles in her two children, SM and EK. Appellant's attorney has filed a no-merit brief and motion to withdraw pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2010). In accordance with Rule 6-9(i)(A), the brief lists all adverse rulings at the termination hearing and discusses why the adverse rulings do not present meritorious grounds for reversal.

Our supreme court clerk's office mailed copies of counsel's brief and motion to appellant as required by Arkansas Supreme Court Rule 6-9(i)(B)(3) (2010), and appellant has filed a pro se letter in response. We conclude that appellant's attorney has complied with the requirements for no-merit termination cases and that an appeal would be wholly without merit. We further conclude that appellant's pro se letter presents no meritorious ground for reversal. Accordingly, we affirm the termination order and grant the motion to withdraw.

The Arkansas Department of Human Services (DHS) became involved with appellant in October 2012 when appellant was arrested for leaving her children in the care of an intoxicated person because she, too, was intoxicated. The children were adjudicated dependent-neglected due to parental unfitness, environmental neglect, and inadequate supervision. The case continued for fourteen months, with little improvement in appellant's circumstances. By her own testimony, she remained homeless, with no income, and had failed to complete any aspect of her case plan.

DHS filed a petition to terminate appellant's rights on November 5, 2013, alleging five statutory grounds of unfitness and that termination was in the children's best interest. The trial court granted the petition, finding beyond a reasonable doubt that it was in the children's best interest to terminate appellant's parental rights and to be adopted and that appellant was unfit based on three grounds: 1) the children had been out of her custody for at least twelve months and despite meaningful effort by DHS to remedy the issues causing removal, those issues had not been remedied; 2) the children had lived outside the home of appellant for a period of twelve months and she had willfully failed to provide significant material support in accordance with her means or to maintain meaningful contact with the children; 3) appellant had subjected the children to aggravated circumstances and there was little likelihood that further services to her would result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*), (b)(3)(B)(ii)(*a*), (b)(3)(B)(ix).

The court mindfully considered the facts and the testimony of the qualified experts under the heightened "beyond a reasonable doubt" burden of proof as opposed to the "clear and

convincing" standard, as required by the Indian Child Welfare Act—a federal statute that governs termination of parental rights of an Indian child. The Act provides in pertinent part:

> No termination of parental rights may be ordered in such proceeding in the absence of the determination, supported by evidence beyond a reasonable doubt, including testimony by a qualified expert witness, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f).

In accordance with Ark. Sup. Ct. R. 6-9(i)(1)(A), counsel for appellant has carefully reviewed the record for all rulings that were adverse to appellant by the trial court, including objections, motions, and requests made by appellant at the final hearing. Counsel accurately concluded that there were none other than the termination order, which was supported by more than sufficient grounds and was in the children's best interest.

Turning now to appellant's pro se letter, she claims that she has finally committed to a treatment program to overcome her addictions and is ready to turn her life around in order to become a suitable parent. The fact that appellant has now enrolled in an inpatient rehabilitation program is a significant step in remedying the impediments that caused removal. However, the trial court considered appellant's last-hour effort—she enrolled in Monarch only eight days before the termination hearing—and still concluded that termination was warranted. As an appellate court, we will not act as a super fact-finder or second guess the trial court's credibility determinations; that is not our function. *Lynch v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 149, at 2.

Affirmed; motion to withdraw granted.

GRUBER and WHITEAKER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, Dependency–Neglect Appellate Division, for appellant.
*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.